UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH PATTON,<br><br>Plaintiff,<br><br>v.<br><br>IRA HOLLINGSWORTH,<br><br>Defendant. | Case No. 2:14-cv-00519-LDG-PAL<br><br>ORDER<br><br>(Mtn to Produce Docs – Dkt. ##15, 22) |

This matter is before the court on Plaintiff Kenneth Patton's Requests for Production of Documents (Dkt. ##15, 22). The court has considered the Motions, Defendant Ira Hollingsworth's Responses (Dkt. ##20, 23), and Plaintiff's Reply (Dkt. #25).

Plaintiff is a prisoner proceeding in this civil rights case pro se. Plaintiff filed this action in state court, and on April 7, 2014, Defendants removed it to federal court. *See* Petition for Removal (Dkt. #1). The court screened Plaintiff's Complaint (Dkt. #8) pursuant to 28 U.S.C. § 1915, finding the Complaint stated claims against Hollingsworth for excessive force and retaliation, and scheduled this case for an inmate early mediation conference. *See* Screening Order (Dkt. #7); Order (Dkt. #11). The mediation was held August 13, 2014, and was unsuccessful. *See* Minutes of Proceedings (Dkt. #13). Pursuant to the court's Order (Dkt. #14), the Attorney General filed an Acceptance of Service (Dkt. #18) on behalf of Hollingsworth, who filed an Answer (Dkt. #21) on October 20, 2014.

On December 4, 2014, the court granted Patton's request for a scheduling order. *See* Scheduling Order (Dkt. #24). Discovery closes on March 4, 2015, and dispositive motions are due by April 3, 2015. *Id.* Once a scheduling order has been entered the parties may engage in discovery. A motion is not the proper means to request written discovery. Discovery requests

must be served on opposing parties, who then have thirty days to respond. Plaintiff should carefully review the discovery rules contained in Fed. R. Civ. P. 26-36, and the Local Rules of Practice which also apply to this case. A motion to compel may only be filed when a timely discovery request has been served, the opposing party has not responded or has inadequately responded, and the moving party has attempted in good faith to resolve any dispute about the adequacy of the discovery responses without court intervention.

Rule 37(a)(1) of the Federal Rules of Civil Procedure requires a party seeking to compel discovery responses to certify that she has, in good faith, conferred or attempted to confer with the non-responsive party to attempt to resolve the issue without court intervention. *See* Fed. R. Civ. P. 37(a)(1). In addition LR 26-7(b) provides that no discovery motion will be considered unless the movant attaches a statement certifying that, "after personal consultation and sincere effort to do so," the parties were unable to resolve the matter. Plaintiff has made no such certification. Plaintiff's request is also not supported by a memorandum of points and authorities as required by LR 7-2(d), which provides that failure to file points and authorities in support of a motion "shall constitute a consent to the denial of the motion." LR 7-2(d).

Finally, as a general rule, LR 26-8 prohibits filing written discovery papers. However, if a motion to compel or motion for protective order is necessary, the full text of the discovery originally requested and the response must be submitted in the motion. *See* LR 26-7(a).

In short, it appears Plaintiff is attempting to obtain written discovery by motion rather than complying with the discovery rules. Plaintiff should serve his requests for production of documents on the appropriate party pursuant to Rule 34(a) of the Federal Rules of Civil Procedure.

Having reviewed and considered the matter,

**IT IS ORDERED** that Plaintiffs' Motions (Dkt # 15 & 22 ) are DENIED.

Dated this 2nd day of January, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE