UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KENNETH PATTON,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>IRA HOLLINGSWORTH,<br><br>　　　　　　　　　　Defendant. | Case No. 2:14-cv-00519-LDG-PAL<br><br>ORDER<br><br>(Mtn Outside Doctor – Dkt. #28;<br>Mtn for Appoint. of Counsel – Dkt. #33) |

　　　　This matter is before the court on Plaintiff Kenneth Patton's Motion to See Outside Doctor (Dkt. #28) and Motion for Appointment of Counsel (Dkt. #33). These motions were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9.

　　　　Mr. Patton is a prisoner proceeding in this case *pro se* and *in forma pauperis*. Mr. Patton initiated this action in state court, and on April 7, 2014, Defendant Ira Hollingsworth removed it to federal court. *See* Petition for Removal (Dkt. #1). The court screened Mr. Patton's Complaint (Dkt. #8) pursuant to 28 U.S.C. § 1915, determined that it stated claims against Mr. Hollingsworth for excessive force and retaliation, and scheduled this case for an inmate early mediation conference. *See* Screening Order (Dkt. #7); Order (Dkt. #11). The mediation was held August 13, 2014, and was unsuccessful. *See* Minutes of Proceedings (Dkt. #13). Pursuant to the court's Order (Dkt. #14), the Attorney General filed an Acceptance of Service (Dkt. #18) on behalf of Mr. Hollingsworth, who filed an Answer (Dkt. #21) on October 20, 2014.

**I.　MOTION TO SEE OUTSIDE DOCTOR**

　　　　The court has considered Mr. Patton's Motion (Dkt. #28) and Mr. Hollingsworth's Opposition (Dkt. #30). No reply was filed.

　　　　Mr. Patton requests to see an outside doctor in order to receive a detailed report and examination about his arm. Motion (Dkt. #28) at 1. The motion cites no legal authority

1

supporting his request. It appears Patton is seeking an appointment with an outside doctor to examine him and write a report to support his excessive force claim. He sent two letters to Deputy Attorney General Frost but received no response.

Rule 35 of the Federal Rules of Civil Procedure authorizes a district court to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a licensed professional. Fed. R. Civ. P 35(a)(1). An order for the physical examination "may be made only on motion for good cause and on notice to all parties and the person to be examined; and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(1)(2)(A) and (B). The rule allows an opposing party who complies with the rule to obtain an order requiring a Plaintiff to submit to a medical examination. It does not allow a party who has placed his or her mental or physical condition at issue to obtain an expert examination or report.

Rule 35 does not authorize Mr. Patton to seek his own free examination to obtain evidence to prosecute his case. *Smith v. Carroll*, 602 F. Supp. 2d 521, 526 (D. Del. 2009). Instead, in limited circumstances, Rule 35 "allows the court to order a party to submit to a physical examination *at the request of an opposing party*." *Id.* (emphasis added); *see also Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003) (holding that Rule 35 does not permit the court to appoint an expert to examine an indigent party who seeks an examination of himself). "The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress." *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989). Numerous court have recognized that the *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize the expenditure of public funds for witnesses. *See, e.g.*, *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1181 n.11 (E.D. Cal. 2011) (discussing multiple cases). As the Seventh Circuit pointed out in *Brown*, "no civil litigant, even an indigent one, has a legal right" to "compel the government to bear the cost and responsibility for hiring an expert witness to testify on his behalf in order to establish a fundamental element of his case." 74 Fed. Appx. at 614–15.

/ / /

/ / /

## II.    MOTION FOR APPOINTMENT OF COUNSEL

The court has also considered Mr. Patton's Motion for Appointment of Counsel (Dkt. #33) and Mr. Hollingsworth's Opposition (Dkt. #35). No reply was filed.

Mr. Patton requests an order appointing him counsel in this case because he cannot afford to hire an attorney. Motion (Dkt. #33) at 1. Mr. Patton represents that that his imprisonment will greatly limit his ability to litigate this case. He further states that the issues involved in this case are complex and will require significant research. If the case proceeds to trial, Mr. Patton states that counsel would be better able to present evidence and cross-examine witnesses.

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent" litigants proceeding in forma pauperis. *Id*. The statute does not require the court to appoint counsel to represent such litigants, but only to request such representation on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986). The appointment of counsel is limited to cases presenting exceptional circumstances. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam); In deciding whether to appoint counsel, the court should consider the likelihood of the success of the party's claims on the merits and the ability of the *pro se* party to articulate claims in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (finding that neither factor is controlling); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Mr. Patton has not established that exceptional circumstances exist to justify the appointment of counsel. Although the court recognizes that Mr. Patton has no legal training, the facts alleged and legal issues raised in this case are not especially complex and he has demonstrated sufficient ability to write and articulate his claims in his Complaint (Dkt. #8) and numerous motion filings. The court appreciates that it is difficult for *pro se* parties to litigate their claims and that almost every *pro se* party would benefit from representation by counsel.

However, the court cannot require counsel to accept representation on a pro bono basis, and the number of attorneys available to accept appointment is very limited.

Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion to See Outside Doctor (Dkt. #28) is DENIED.
2. Plaintiff's Motion for Appointment of Counsel (Dkt. #33) is DENIED.

Dated this 22nd day of April, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE