UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KENNETH PATTON,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　v.<br>IRA HOLLINGSWORTH,<br>　　　　　　　　　　　　Defendant. | Case No. 2:14-cv-00519-LDG-PAL<br><br>**ORDER**<br><br>(Mot. to Compel – Dkt. #32)<br>(Mot. to Strike – Dkt. #39) |

　　　　This matter is before the Court on Plaintiff Kenneth Patton's Motion for an Order Compelling Discovery (Dkt. #32). The Court has considered the Motion, Defendant Ira Hollingsworth's Response (Dkt. #34), and Plaintiff's Supplement (Dkt. #36). Also before the Court is Defendant's Motion to Strike Plaintiff's Supplement (Dkt. #39). The Court has considered Defendant's Motion, Plaintiff's Response (Dkt. #47), and Defendant's Reply (Dkt. #49). This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9.

　　　　Plaintiff is a prisoner proceeding in this civil rights case *pro se*. Plaintiff initially filed this action in state court, and on April 7, 2014, Defendants removed it to federal court. Petition for Removal (Dkt. #1). The Court screened Plaintiff's Complaint (Dkt. #8) pursuant to 28 U.S.C. § 1915, finding the Complaint stated claims against Defendant for excessive force and retaliation. Screening Order (Dkt. #7).

　　　　On December 4, 2014, the Court granted Plaintiff's request for a scheduling order. Scheduling Order (Dkt. #24). Once the Scheduling Order was entered, the parties were permitted to engage in discovery until March 4, 2015, *id.* at ¶ 6, and any discovery motions were to be filed and served no later than February 23, 2015, *id.* at ¶ 3. The Scheduling Order

specifically informed the parties that any request to extend a discovery deadline must be received by the Court at least 21 days prior to the expiration of the deadline. *Id.* at ¶ 7.

On January 5, 2015, the Court denied Plaintiff's motions to produce documents informing Plaintiff that a motion was not a proper way to request written discovery and that discovery requests to a party must be served on an opposing party who then has 30 days to respond. Order (Dkt. #26). The Court instructed Plaintiff to "carefully review the discovery rules contained in Fed. R. Civ. P. 26–36, and the Local Rules of Practice which also apply to this case." *Id.* at 2. The motion to compel does not indicate that Plaintiff served Defendant with written requests for production or that Plaintiff attempted to obtain these materials from counsel for Defendant by informal means.

**I.   PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY (DKT. #32)**

Plaintiff's Motion seeks his own medical records to demonstrate the alleged injuries caused by Defendant's use of excessive force, employee personnel files, and Plaintiff's emergency grievances. Pl.'s Mot. (Dkt. #32). Plaintiff also requests an extension to complete discovery. In his Response (Dkt. #34), Defendant notes that Plaintiff's Motion is untimely and fails to comply with requirements set forth in the Local Rules regarding discovery motions and requests for extensions of scheduled deadlines. Counsel for Defendant states that during discovery Plaintiff served one set of interrogatories and three request for production of documents, and that Defendant timely responded to all of them to the best of his ability given the vague nature of the requests.

Defendant also suggests that Plaintiff's Motion may be moot to the extent it addresses medical records and paperwork related to an emergency grievance because: (1) after counsel communicated with prison staff, Plaintiff was allowed to use copies of his medical records for litigation purposes; and (2) Defendant has been unable to locate any emergency grievance but has produced copies of Plaintiff's non-emergency grievance. Def.'s Resp. (Dkt. #34) at 3–4. Plaintiff did not address Defendant's contentions in a reply brief; however, he did file a Supplement (Dkt. #36) to his Motion providing additional details regarding the documents he seeks.

2

Rule 37 of the Federal Rules of Civil Procedure allows a party to file a motion to compel only when a timely discovery request has been served, the opposing party has not responded or has inadequately responded, and the moving party has attempted in good faith to resolve any dispute about the adequacy of the discovery responses without court intervention. Specifically, Rule 37 requires a party seeking to compel discovery responses to certify that he has, in good faith, conferred or attempted to confer with the non-responsive party to attempt to resolve the issue without court intervention. Fed. R. Civ. P. 37(a)(1). In addition, LR 26-7(b) provides that no discovery motion will be considered unless the movant attaches a statement certifying that, "after personal consultation and sincere effort to do so," the parties were unable to resolve the matter.

Additionally, a party moving to compel must provide the Court with the full text of any discovery originally sought and the response to the request in dispute. *See* LR 26-7. The purpose of this rule is to allow the Court to assess whether the request seeks relevant discoverable information, and whether or not the opposing party's response is adequate, or any objection made is proper. Plaintiff did not provide the Court with this information so the Court has no way to assess whether the discovery request called for the documents he now seeks, whether the request was understandable or whether the Defendant provided a legally adequate response. Further, the Motion does not include the required certification of good faith efforts to resolve the discovery dispute without the Court's intervention. Fed. R. Civ. P. 37(a)(1); LR 26-7(b).

Plaintiff's Motion was filed with the Court on March 4, 2015—the date discovery closed and approximately two weeks after the deadline to file discovery motions, February 23, 2015. As such, the Motion is untimely. Even if the Court were to consider the time for mailing, Plaintiff signed and dated his Motion on February 26, 2015, which was already past the February 23rd deadline. Further, with regard to Plaintiff's request for an extension of time to complete discovery, the Motion does not include:

> (a) A statement specifying the discovery completed by the parties of the date of the motion or stipulation;

///

    (b) A specific description of the discovery which remains to be completed;

    (c) The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

    (d) A proposed schedule for the completion of all remaining discovery.

Scheduling Order (Dkt. #24) at ¶ 7 (citing LR 26-4). Plaintiff's Supplement (Dkt. #36) attempted to provide additional details regarding the documents he seeks. However, it still does not comply with the Rules outlined above. Based on these multiple deficiencies, Plaintiff's Motion to Compel is denied.

## II. DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENT (DKT. #39)

Defendant's Motion asks the Court to strike Plaintiff's Supplement to his motion to compel asserting that the filing is a fugitive document. Defendant contends that the Supplement is not authorized by the Local Rules, which only provide for a motion, response, and reply. *See* LR 7-2. "It is well established that district courts have inherent power to control their docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citation omitted). This includes the power to strike from the docket any improperly filed items. *See, e.g.*, *id.* at 404–05; *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586–87, 588 (9th Cir. 2008). Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate any litigant's insubordinate conduct. *Adobe Sys. Inc. v. Christenson*, 891 F. Supp. 2d 1194, 1201 (D. Nev. 2012).

Here, Defendant's Motion fails to show how Plaintiff's Supplement interferes with the Court's ability to manage its docket or enforce its orders. Rather, the contents of the Supplement and circumstances of its filing indicate that Plaintiff may have simply mistitled the document and intended that the Court consider the Supplement as his reply brief. Although *pro se* litigants are required to follow the same procedural rules that govern other litigants, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986), allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). Given this well-established principle, the Court will construe Plaintiff's Supplement as a reply brief in support of his motion to compel. The

4

1  purpose and intent behind LR 7-2 is to prevent the parties from submitting endless volleys of
2  briefing to the Court in an attempt to get the last word.  That purpose would not be served here.
3  Accordingly, Defendant's Motion to Strike is denied.
4      For the reasons explained above,
5      **IT IS ORDERED**:
6      1.    Plaintiff Kenneth Patton's Motion for an Order Compelling Discovery (Dkt. #32)
7          is DENIED.
8      2.    Defendant Ira Hollingsworth's Motion to Strike Plaintiff's Supplement (Dkt. #39)
9          is DENIED.
10     Dated this 14th day of July, 2015.

 

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE