# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH PATTON,

    Plaintiff,

v.

JAMES COX, *et al.*,

    Defendants.

Case No. 2:14-cv-00519-LDG (PAL)

**ORDER**

    The plaintiff, Kenneth Patton, brought this suit pursuant to 42 U.S.C. §1983, against defendant Ira Hollingsworth, alleging claims for excessive force and retaliation. The defendant moves for summary judgment (#37) arguing, *inter alia,* that plaintiff's claims are untimely and barred by the statute of limitations. Patton opposes the motion. Having reviewed the papers, pleadings, and arguments of the parties, the Court agrees that the plaintiff's claims are barred by the statute of limitations.

Motion for Summary Judgment

    In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there

are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*, at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.,* at 325. Conversely, when the burden of proof at trial rests

on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

Statute of Limitations

Title 42 U.S.C. § 1983 does not contain its own statute of limitations. Thus, federal courts apply the most suitable statute of limitations of the state in which the claim arises for 42 U.S.C. § 1983 claims. *Board of Regents v. Tomanio*, 446 U.S. 478, 483-84 (1980); *Donoghue v. County of Orange*, 848 F.2d 926, 930 (9th Cir. 1987).

To identify the limitations period that the court must apply, the court characterizes §1983 claims as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The court then looks to and applies the state's general or residual personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 251 (1989). In Nevada, the residual statute of limitations for personal injury actions is two years from the date the cause of action

accrues.  Nev. Rev. Stat. § 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.), *cert. denied*, 493 U.S. 860 (1989).

Although the court must apply the state's limitations period, it must decide when a §1983 claim accrues under federal law.  *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991)*, cert. denied*, 112 S.Ct. 1161 (1992)  "The general federal rule is that a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Trotter v. International Longshoremen's Union, Local 13*, 704 F.2d 1141, 1143 (9th Cir. 1983).  A plaintiff may recover only for the causes of action he has specifically alleged to have accrued within the appropriate limitations period. *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied*, 479 U.S. 1054 (1987).

A plaintiff starts a civil action when he or she files the complaint with the court.  Fed. R. Civ. Pro. 3  "When papers are mailed to the clerk's office, filing is complete when the papers are received by the clerk."  *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989).

The plaintiff has alleged that he was subjected to an excessive use of force by defendant in February 2011, and that after he filed a grievance regarding the event, he was subjected to false disciplinary charges in March 2011.  The plaintiff filed his complaint in state court in February 2014, nearly a full year after Nevada's two-year limitations period had expired.  Therefore, the plaintiff's claims are barred by the statute of limitations as untimely.

Accordingly,

THE COURT **ORDERS** that Defendant's Motion for Summary Judgment (#37) is GRANTED; The Plaintiff's claims against the defendant are DISMISSED with prejudice.

4

1 THE COURT FURTHER **ORDERS** that Plaintiff's Motion for Defendant's to Send Medical Records re: Motion for Summary Judgment (#41) is DENIED as moot.

DATED this __17__ day of March, 2016.

_____
Lloyd D. George
United States District Judge